1  RICHARD S. ROSENBERG, SBN 077948
   JEFFREY P. FUCHSMAN, SBN 105651
2  OMAR Y. SHEHABI, SBN 247827
   BALLARD ROSENBERG GOLPER & SAVITT LLP
3  500 North Brand Boulevard, Twentieth Floor
   Glendale, CA 91203-9946
4  Telephone: (818) 508-3700
   Facsimile: (818) 506-4827
5  E-Mail:    jfuchsman@brgslaw.com

6  Attorneys for Defendant
   LOCKHEED MARTIN CORPORATION

7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10                    LACV11-5310 GW(VBKx)

11  DAVID DeFRANCIS, an individual,          CASE NO.

12              Plaintiff,                   NOTICE OF REMOVAL;
                                             MEMORANDUM OF POINTS AND
13         vs.                               AUTHORITIES

14  LOCKHEED MARTIN                          [Related to Case No. CV 11-03451 GW
    AERONAUTICS COMPANY;                     MANx)]
15  INTERNATIONAL ASSOCIATION
    OF MACHINISTS AND AEROSPACE             [LASC Case No. MC022495]
16  WORKERS; DOES 1 through 100,
    inclusive,

17
                Defendants.
18

19

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 North Brand Boulevard, Twentieth Floor
Glendale, CA 91203-9946

409820.1

1    Defendant LOCKHEED MARTIN CORPORATION ("LMC") (erroneously
2    sued as LOCKHEED MARTIN AERONAUTICS COMPANY), states as follows:

3         1.    On April 12, 2011, Plaintiff DAVID DeFRANCIS (hereafter "Plaintiff")
4    filed his Complaint in the above-entitled civil action in the Superior Court for the State
5    of California, County of Los Angeles, Case No. MC022495, which is presently pending
6    against Defendant LMC (hereafter "Superior Court Action").

7         2.    Defendant LMC's agent for service of process was served with the
8    Superior Court Action on June 10, 2011. True and correct copies of the Summons and
9    Complaint that were served on Defendant LMC are attached hereto as Exhibit "A".

10        3.    Defendant LMC filed its Answer to the Superior Court Action on June 15,
11   2011.  A true and correct copy of the Answer filed by Defendant LMC in the Superior
12   Court Action is attached hereto as Exhibit "B".

13        4. Defendant LMC is informed and believes that Defendant INTERNATIONAL
14   ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT
15   LODGE 725 ("IAM") was also served with the Superior Court action on June 9, 2011.
16   True and correct copies of the Summons and Complaint that were served on Defendant
17   IAM is attached hereto as Exhibit "C".   Defendant IAM joins in this Notice of
18   Removal.  Defendant IAM's Joinder is filed herewith.

19        5.    Defendant LMC is informed and believes that none of the purported Doe
20   Defendants have been served with the Summons and Complaint.

21        6.    The Summons and Complaint filed by Plaintiff (Exhibits "A" and "C"),
22   and the Answer filed by Defendant LMC (Exhibit "B") constitute all of the process,
23   pleadings and orders which Defendant LMC has knowledge of being filed in the
24   Superior Court Action.

25        7.    Plaintiff's Superior Court Action is a civil action over which this District
26   Court has original jurisdiction pursuant to 29 U.S.C. § 185(a), 28 U.S.C. § 1331, and 28
27   U.S.C. § 1337, and is one which may properly be removed to this District Court
28   pursuant to 28 U.S.C. § 1441 in that:

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

a.  At all times material herein, Defendant LMC was an employer employing employees in an industry affecting commerce within the meaning of Section 2(7) of the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. § 152(7).

b.  At all times material herein, Defendant IAM was a labor organization representing employees employed by Defendant LMC, including Plaintiff, within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

c.  At all times material herein, Defendants LMC and IAM were parties to a collective bargaining agreement ("CBA") which governed the employment of certain employees, including Plaintiff.

d.  The Complaint filed in the Superior Court Action purports to set forth a cause of action under Section 301 of the LMRA, 29 U.S.C. § 185 against Defendant LMC for breach of the CBA with respect to the termination of Plaintiff's employment, and against Defendant IAM for breach of the duty of fair representation in connection with its handling of Plaintiff's grievance challenging his termination under the CBA.  As such, this District Court has jurisdiction over the Complaint pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.  An identical lawsuit was filed by Plaintiff in this District Court, Case No. CV11-03451 GW (MANx).

e.  The Complaint filed in the Superior Court Action establishes Plaintiff's claims against Defendants involve a federal question since they arise under a law of the United States, namely the LMRA.  Thus, this District Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331.

f.  To the extent the Complaint asserts claims that do not arise under the LMRA, this District Court has jurisdiction over such cause(s) of action pursuant to 28 U.S.C. §§ 1367, 1441(c), and the doctrine of supplemental jurisdiction.

/ / /

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

1    8.    This District Court has jurisdiction over all the parties, and its territorial

2  jurisdiction embraces the place where the Superior Court Action is pending.

3    WHEREFORE, Defendant LMC prays that the Superior Court Action be

4  removed from the Los Angeles County Superior Court to this District Court.

5

6  DATED: June 23, 2011          BALLARD ROSENBERG GOLPER &
                                 SAVITT LLP
7

8                                By:_____
9                                     JEFFREY P. FUCHSMAN
                                 Attorneys for Defendant
10                               LOCKHEED MARTIN CORPORATION

11

12    I certify under Fed. R. Civ. P. 11 that the foregoing is true and correct to the best

13  of my knowledge.

14

15                               Jeffrey P. Fuchsman

16

17

18

19

20

21

22

23

24

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF NOTICE OF REMOVAL

### I.    INTRODUCTION

Plaintiff alleges a single cause of action against Defendants LMC and IAM in connection with the termination of his employment with LMC.  Plaintiff's Complaint is expressly brought pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.  Plaintiff alleges that his termination by LMC in May 2008 was without just cause in violation of the CBA.  (Complaint, ¶ 29)  Plaintiff further alleges that he filed a grievance challenging his termination under the CBA's grievance procedure, and was represented by Defendant IAM and its legal counsel at the arbitration.  (Complaint, ¶¶ 14-17)  The arbitrator upheld the discharge on the grounds that Plaintiff was terminated for just cause.  Plaintiff alleges that his representation by Defendant IAM at the arbitration was deficient, and that IAM breached its duty of fair representation.  (Complaint, ¶¶ 24-29)  This case is properly removed to this District Court on federal question grounds as Plaintiff's claims against Defendants are brought under Section 301 of the LMRA.

### II.   PLAINTIFF'S CLAIMS UNDER SECTION 301 OF THE LMRA CAN BE REMOVED ON FEDERAL QUESTION GROUNDS

The removal of Plaintiff's Superior Court Action is proper based on federal question jurisdiction.  Removal of a state court action pursuant to 28 U.S.C. § 1441(b) is proper if the initial pleading alleges facts sufficient to state a cause of action which could have been brought originally in federal court.  *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983); *Sullivan v. First Affiliated Secur., Inc.,* 813 F.2d 1368, 1371 (9th Cir. 1987).  Here, removal based on federal question is proper because Plaintiff's claims against Defendant LMC for breach of the CBA, and against Defendant IAM for breach of the duty of fair representation are expressly brought under Section 301 of the LMRA.  Indeed, Plaintiff has also filed an identical (and wholly duplicative) lawsuit in federal court.

1       To the extent Plaintiff's claims purport to be brought under state law, the claims

2   are completely preempted by Section 301. The law is clear that state law claims which

3   are founded on rights created by a CBA are completely preempted by Section 301.

4   *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394, 107 S. Ct. 2425, 96 L. Ed. 2d 318

5   (1987). Likewise, state law claims which are substantially dependent on the analysis of

6   a CBA or require reference to or interpretation of a CBA are also preempted by Section

7   301. *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405-06, 108 S. Ct. 1877, 100

8   L. Ed. 2d 410 (1988). A plaintiff "cannot escape the preemptive effect of section 301

9   by recasting [his/her] contract claims as tort claims." *Allis-Chalmers Corp. v. Lueck*,

10   471 U.S. 202, 210-11, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).

11   **III.   CONCLUSION**

12       For all the foregoing reasons, Defendant LMC urges that Plaintiff's Superior

13   Court Action is properly removable to this District Court.

14

15   DATED: June 23, 2011      BALLARD ROSENBERG GOLPER &
                    SAVITT LLP

16

17                   By:_____

18                   JEFFREY P. FUCHSMAN
                Attorneys for Defendant

19                   LOCKHEED MARTIN CORPORATION

20

21

22

23

24

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** LOCKHEED MARTIN AERONAUTICS
**(AVISO AL DEMANDADO):** COMPANY; INTERNATIONAL
ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS; DOES 1 THROUGH 100, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
DAVID DeFRANCIS an individual

---

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

APR 12 2011

JOHN A. CLARKE, CLERK

BY _____

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| (El nombre y dirección de la corte es:) Superior Court North District 42011 4th Street West Lancaster, CA 93534-7182 | (Número del Caso:) MC022495 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es:)
39248 FOXHOLM DR PALMDALE CA 93551
661 810 - 1910

| DATE: | JOHN A. CLARKE | Clerk, by | D. CAMPBELL | , Deputy |
|---|---|---|---|---|
| (Fecha) 4-12-2011 | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): Lockheed Martin Aeronautics COMPANY

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov American LegalNet, Inc. |
|---|---|---|

4. ☐ by personal delivery on (date):

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.ccurtinfo.ca.gov American LegalNet, Inc. |
|---|---|---|

# 2384577    1 of 17

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DAVID DeFRANCIS<br>39248 Foxholm Drive<br>Palmdale, CA 93551 | **CONFORMED COPY**<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>APR 12 2011<br><br>JOHN A. CLARKE, CLERK<br><br>BY |

TELEPHONE NO.: (661) 810-1910   FAX NO.:
ATTORNEY FOR *(Name):* Plaintiff, In Pro Per

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 4TH STREET
MAILING ADDRESS: 42011 4TH STREET W.
CITY AND ZIP CODE: LANCASTER CA 93534
BRANCH NAME: MICHAEL D. ANTONOVICH ANTELOPE VALLEY

CASE NAME:
Breach of Contract and Unlawful Termination

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>MC022495 |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [✓] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4-12-2011

DAVID DE FRANCIS
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.<br>www.FormsWorkflow.com

# 2384577 - 2

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 7 ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – if you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| | | |
|---|---|---|
| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | Local Rule 2.0<br>Page 1 of 4 |

| | | |
|---|---|---|
| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM**<br>**AND STATEMENT OF LOCATION** | Local Rule 2.0<br>Page 1 of 4 |

# 2384577   -3

| SHORT TITLE: | | CASE NUMBER |
|---|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
|  | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2., 3. |
| Wrongful Termination (36) | ☒ A6037 Wrongful Termination | 1., 2., ③. |
| Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
|  | ☐ A6109 Labor Commissioner Appeals | 10. |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
|  | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
|  | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
|  | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
|  | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
|  | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
|  | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation   Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6016 Mortgage Foreclosure | 2., 6. |
|  | ☐ A6032 Quiet Title | 2., 6. |
|  | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

Left categories: Non-Personal Injury/Property Damage/Wrongful Death Tort · Employment · Contract · Real Property · Unlawful Detainer

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

009

# 2384577 - 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8,<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

# 2384577   -5

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case. | ADDRESS: LOCKHEED MARTIN (93551) |
|---|---|
| ☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | 1011 LOCKHEED WAY, PALMDALE CA. IAM LODGE 725 (93550) 39047 10TH STREET E. PALMDALE CA. |

| CITY: PALMDALE | STATE: CA | ZIP CODE: 93550 |
|---|---|---|
| PALMDALE | CA | 93550 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ courthouse in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 4-12-2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

#2384577  -6

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ MC022495

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| BRIAN C YEP | A10 | | | | |
| | | | | | |
| RANDOLPH A ROGERS | A11 | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

APR 1 2 2011

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____       JOHN A. CLARKE, Executive Officer/Clerk

By  D CAMPBELL _____, Deputy Clerk

LACIV _____ 190 (Rev. 04/07)
LASC Approved 05-06

### NOTICE OF CASE ASSIGNMENT –
### UNLIMITED CIVIL CASE

Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 1 2 2011

JOHN A. CLARKE, CLERK

| | |
|---|---|
| COURTHOUSE ADDRESS: | 42011 4TH ST W, LANCASTER, CA 93534 |
| PLAINTIFF: | |
| DEFENDANT: | 5Y |

**NOTICE OF CASE MANAGEMENT CONFERENCE**

CASE NUMBER:
MC022495

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: OCT 2 4 2011  Time: 8:30 A.M.  Dept: A 11

NOTICE TO DEFENDANT:  THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: ___APR 1 2 2011___

_____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in ___LANCASTER_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive/Officer Clerk

Dated: ___APR 1 2 2011___

By ___D. CAMPBELL_____
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

## NOTICE OF
## CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

# 2384577                -9

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 12 2011

JOHN A. CLARKE, CLERK

BY _____

1  DAVID DeFRANCIS
   39248 Foxhole Drive
2  Palmdale, CA 93551
   (661) 810-1910
3
4  Plaintiff, In Pro Per

5

6                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                           COUNTY OF LOS ANGELES

8

9  DAVID DeFRANCIS, an individual          CASE NO:    MC022495

10        Plaintiff,                        **COMPLAINT FOR BREACH OF**
                                            **CONTRACT AND WRONGFUL**
11    vs.                                   **TERMINATION UNDER THE**
                                            **PROVISIONS OF SECTION 301 OF THE**
12                                          **LABOR MANAGEMENT RELATIONS**
13  LOCKHEED MARTIN AERONAUTICS             **ACT**
    COMPANY; INTERNATIONAL
14  ASSOCIATION OF MACHINISTS AND
    AEROSPACE WORKERS;
15  DOES 1 through 100, inclusive,

16        Defendants.

17  _____

18  PLAINTIFF, DAVID DeFRANCIS, alleges as follows:

19                        <u>JURISDICTIONAL ALLEGATIONS</u>

20        1.      At all relevant times herein mentioned the Plaintiff, DAVID DeFRANCIS

21  (hereinafter "DeFRANCIS"), was and is an individual residing in the County of Los Angeles,

22  State of California.

23        2.      Defendant LOCKHEED MARTIN (hereinafter "LOCKHEED"), was and is the

24  owner, operator and manager of the LOCKHEED MARTIN AERONAUTICS COMPANY

25  facility in Palmdale, California, and was at all times mentioned herein a Corporation doing

26  business in the State of California, and as such is subject to the jurisdiction and venue of the courts

27  in the County of Los Angeles.

28        3.      Defendant, INTERNATIONAL ASSOCIATION OF MACHINISTS AND
                                            - 1 -
    AEROSPACE WORKERS, DISTRICT LODGE 725 (hereinafter "the Union"), was the collective
    **COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE**
    **LABOR MANAGEMENT RELATIONS ACT**
    C:\Users\US Bust Repair\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\92XXX80DDeFrancis.doc

# 2384577    -10

1    bargaining entity responsible for the duty of fair representation in regard to the handling of the

2    grievance/arbitration procedures for LOCKHEED employees.  At all times relevant to this action,

3    DeFRANCIS was an employee of LOCKHEED and a member of the Union.

4        4.        The true names of Defendants DOES 1 through 100, inclusive, are unknown to

5    Plaintiff at this time.  Plaintiff sues those Defendants by such fictitious names pursuant to *Code of*

6    *Civil Procedure §474.*  Plaintiff will seek leave of Court to amend this Complaint to identify said

7    Defendants when their identities are ascertained.  Plaintiff is informed and believes, and on that

8    basis alleges, that each of the fictitiously named Defendants was in some fashion or manner liable

9    and legally responsible for the damages and injuries set forth herein.

10   ////

11                        GENERAL ALLEGATIONS

12       5.        DeFRANCIS was initially suspended for 3 to 5 days in January 2008 for allegedly

13   improperly etching aircraft parts even though DeFRANCIS explained to his manager BILLY

14   HUGHGINS that the etching problem was caused by the vendor's excessive spray on the parts.

15   On May 9, 2008 De FRANCIS was terminated for the supposed actions stated above.

16

17       6.        Two days prior to his termination, DeFRANCIS resigned from his position as a

18   Union Steward, fearing his activities played into the intensifications of this situation.  DeFRAN-

19   CIS was told by two fellow employees--Anna (last name unknown) and another woman--as well

20   as his supervisor, BILL WADE, that the employer was trying to fabricate reasons to blame him for

21   a scrapped radone (major assembly nose of F-22) part that he did not have anything to do with.

22       7.        DeFRANCIS read an email to WADE, as well as a group of other people, from

23   JOE RUGGLES, the engineer, that through inspections he made, he identified the imperfections

24   on the aircraft parts as being the result of the vendor. He clearly stated that the problem was not

25   with DeFRANCIS' work performance, but instead was a result of the vendors turning in the parts.

26

27   DeFRANCIS asked HUGHGINS upon his termination notification if he had read the e-mail and

28

                                   - 2 -

COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE
LABOR MANAGEMENT RELATIONS ACT
C:\Users\US Best Repair\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\02YYX80D\DeFrancis.doc

015

# 2304577      - 11

his response was that he didn't care.  DeFRANCIS asked Bill Wade for a copy of the e-mail and was denied. During his termination notification, he was never formally given written notice.

8.      DeFRANCIS explained all of this to MIKE PALAZZO, union representative, i.e., that he feared for his job and desired to resign as Steward as a result of his fears.  PALAZZO assured DeFRANCIS that his fears were unwarranted and that this was not true, and furthermore, he had nothing to worry about; regardless, DeFRANCIS proceeded to resign his position. Through the entire process from termination through two arbitrations, Mike Palazzo either did everything he could to block any attempts to fight this case or did as little as possible to represent DeFRANCIS.

9.      When DeFRANCIS went to the Union to inform Mike Palazzo of his termination on May 9, 2008, he stated that he had already been told two days prior by DAVE DILGER, LOCKHEED's Labor Relations Officer, that DeFRANCIS was going to be fired by LOCKHEED. Mike Palazzo withheld this information from DeFRANCIS rather than provide representation while he was being formally terminated by HUGHGINS.

10.      At some time later, DeFRANCIS spoke to his neighbor Aaron Procovenet while taking a walk in their neighborhood.  Per Mr. Procovenet. HUGHGINS had told him that DeFRANCIS was fired for his arrogance.  DeFRANCIS assumed this referred to his heavy involvement with the Union and his activities on LOCKHEED's premises of which they never appeared to object to.

11.      Mike Palazzo informed DeFRANCIS on or about October-November 2008 that the employer had provided the Union an offer to reinstate me with $10,000 in back pay; DeFRANCIS was extremely satisfied with this agreement but that wanted to know what he had done wrong so not to repeat the same infraction. From this point on, he heard nothing from Mike Palazzo until mid-December when DeFRANCIS contacted him to find out the status of the employer's offer. He informed DeFRANCIS that the company was no longer responding or acting on this offer.

---

**COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT**
C:\Users\US Best Repairs\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\92XYX80D\DeFrancis.doc

Palazzo's only response regarding the pulling back on the offer was that this is pretty common, "with the employer saying something and then go back on what they had said."

12.     Mike Palazzo informed DeFRANCIS on May 9, 2009 that LOCKEED was refusing to go to arbitration regarding his case after all grievance procedures were spent, on the grounds that the Union had failed to file a request in a timely basis, claiming they did not receive the request from the Union. Mike Palazzo claimed he couldn't find the fax receipt showing the Union had sent the request to the company. Coincidentally months later and through sheer persistence of DeFRANCIS constantly making contact with the Union, he was informed that in the middle of the night, Bob Gutteres found a fax receipt showing the fax was indeed sent to the company. Apparently, Palazzo had been sitting on the receipt the entire time.

13.     On February 17, 2010, the arbitration case surrounding the timeliness of filing for arbitration over the grievance went forward. The Union won the right to pursue the grievance of terminating DeFRANCIS via another arbitration case.

14.     In May 2010, DeFRANCIS contacted the Union to discuss the status of whether or not the Union and the employer had agreed to a date for arbitration. Mike Palazzo informed the dates were set for 28th and 29th of July. DeFRANCIS told Mike that they should get together to go over the case before the arbitration hearing. He agreed to this and asked who DeFRANCIS wanted present as witnesses, as well as what evidence he thought was needed. DeFRANCIS stated that he wanted Joe Ruggles the engineer, the lead man Aaron Procovenet and supervisor Bill Wade. He explained to Palazzo their importance in being present simply because they were the key to his exoneration as to the poor workmanship. DeFRANCIS requested copies of the e-mail from Joe Ruggles indicating the vendor's culpability of the damaged aircraft parts. Aaron Procovenet was the lead man on the operation of the laser machine and knew that several parts were damaged and that it was not DeFRANCIS' fault for damaging the parts but rather the fault of the vendor. He stated that we would get together two weeks before the case to go over everything. Also,

COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT
C:\Users\IIS Best Repair\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\92YYY80B\DeFrancis.doc

# 2384577    -13

1   DeFRANCIS stressed to Mike Palazzo the importance of getting a copy of his hours worked,

2   showing the different shift change assignments. This would have shown whether or not

3   DeFRANCIS was at work during the times of the alleged infractions. Finally, it would show that

4   he was in training during the entire time.

5       15.  Over the next several months right on through the day of the arbitration hearing,

6   throughout the months of May and June 2010, DeFRANCIS regularly made contact with Mike

7   Palazzo, requesting to meet and discuss the case and statements from the witnesses and how

8   everything was proceeding. Palazzo continually said that everything was fine but there was no

9   indication on whether or not he formally requested the information DeFRANCIS had asked for or

10  did he even indicate whether or not he had met with the witnesses.

11      16.   In July 2010, DeFRANCIS again contacted Palazzo as he had done so often before,

12  to meet with him and the lawyer who would be representing him. He responded by saying that

13  they would meet three days prior to arbitration, stating that he would have everything by then and

14  that DeFRANCIS could speak to the lawyer at that time. One week before arbitration he called

15  Palazzo requesting to meet over the procedures of the arbitration. He responded by saying, "we

16  would not have to meet until the morning of the hearing and that he had everything under control

17  and not to worry."

18      17.   On 28 July 2010, DeFRANCIS finally met with Mike Palazzo and the lawyer at the

19  union hall. He asked Palazzo to go over the data and detail who was going to be present as

20  witnesses. His only response was that the data was not needed and that witnesses won't be

21  required. DeFRANCIS met the lawyer Jacob White, who was not even aware of the case and was

22  reviewing the previous arbitration case involving the timeliness for filing, which had nothing to do

23  with the case at hand. When DeFRANCIS asked the lawyer for his business card, he abruptly

24  refused by stating "no." When DeFRANCIS asked him how he was going to represent him

25

26

27

28

- 5 -

COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE
LABOR MANAGEMENT RELATIONS ACT
C:\Users\US Res\ Repairs\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content Outlook\92YXY80J\DeFrancis.doc

018

2384577          - 14

1   without knowing anything about the case, he got up and walked out of the room while talking on

2   his cell phone.

3       18.     During lunch on the day of the hearing, DeFRANCIS called Joe Ruggles directly

4   so that he could get him and Jacob White to speak to each other. Joe was willing to speak to both

5   Palazzo and White but neither would speak to him. Their reason for not speaking to Ruggles was

6   that they would not put any witness on the stand if they didn't know what the witness would say.

7   Mike Palazzo and Jacob White were not willing to speak to any of the witnesses. When he insisted

8   that Palazzo and White show what they were going to use in my defense, they both flatly told him

9   to "shut-up." The arbitration went forward and DeFRANCIS was the only witness on behalf of his

10  own case with no counseling before the hearing. The case through written agreement was

11  supposed to be heard over two days but instead at the last moment during arbitration, was heard

12  during only one day by mutual agreement between LOCKHEED and the Union.

13      19.     From the very beginning of going to arbitration over the timeliness of requesting

14  arbitration initially, it appeared that the union, more specifically Mike Palazzo, was not pursuing

15

16  the truth of the reasons for DeFRANCIS' termination nor was he willing to follow-up on the case

17  while going forward on his behalf.  DeFRANCIS was told by the Union on or about October 12,

18

19  2010, that he had lost his arbitration.

20      20.     Several weeks later, DeFRANCIS went back to the union hall to pick up a copy of

21  the arbitration hearing. After a heated discussion with Palazzo over his lack of representation in

22  the case, Bob Gutteres picked-up the copies and handed them to DeFRANCIS as he walked him

23  out. He also apologized to DeFRANCIS for all that transpired and told him that Mike Palazzo was

24  angry with the Labor Relations Officer David Dilger over an agreement they had with each other

25  and that David Dilger reneged on the agreement.

26

27      21.     Gary Holt, Mike Palazzo's Union superior did not appear at the second arbitration

28  hearing as he did for the first. When DeFRANCIS asked Mike Palazzo where he was, Palazzo

COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE
LABOR MANAGEMENT RELATIONS ACT
C:\Users\US Bert Repair\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\92YYX80BD\DeFrancis.doc

019

2 3 8 4 5 7 7        -15

1    responded that Holt was at home inspecting his home improvement work by the contractors. Also,

2    when DeFRANCIS asked Palazzo why he didn't secure one of the partners of the law firm since

3    he was told initially that this would be the case, he responded that Gary Holt didn't want to pay for

4    the plane ticket from San Francisco to the location of the hearing. Rather, the Union paid for a

5    local lawyer, Jacob White.

6

7        22.    At the conclusion of the arbitration hearing, Mr. Solomon the arbitrator, ap-

8    proached DeFRANCIS in a sympathetic gesture and wished him luck. Mr. Solomon specifically

9    noted in his written decision that the union failed to provide corroborating witnesses and

10   documentation in support of the defense.

11                              **FIRST CAUSE OF ACTION**

12                               For Breach of Contract

13                                (Against All Defendants)

14       23.    Plaintiff refers to and incorporates all previous paragraphs as though fully set forth

15   herein.

16       24.    Section 301 of the Labor Management Relations Act allows for both an employer

17   and a Union to be liable when the Union breaches its duty of fair representation arising from the

18   Union's handling of its employee-member's grievance an/or arbitration.  While a Union is granted

19   a wide range of reasonableness within which to act, it may not arbitrarily ignore a meritorious

20   grievance.

21       25.    In the instant case, the Union was not merely negligent—it completely and

22   arbitrarily failed to present any meaningful defense on behalf of DeFRANCIS.  This is especially

23   egregious in that DeFRANCIS was terminated ostensibly for performance issues, but had solid

24   factual evidence that said issues were not, in fact, attributable to him, but rather to outside vendors.

25   The Union's actions (or inactions) tainted the grievance procedure such that the outcome was

26   more than likely affected by the Union's breach.

27

28                                      - 7 -

COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE
LABOR MANAGEMENT RELATIONS ACT
C:\Users\US Best Repairs\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\Q2XYX80DDeFrancis.doc

020

# 2384577 -16

26.     DeFRANCIS had requested that the Union perform its duty of fair representation by interviewing witnesses and seeking documentary evidence. The Union and its attorneys failed to do so with no explanation, instead simply telling him to "shut up."

27.     In addition to willfully and arbitrarily failing to provide DeFRANCIS with a defense, it appears that LOCKHEED and the Union actually colluded to breach their employment agreement with DeFRANCIS. Specifically, they apparently had a "back room deal" with each other that if the Union did not mount a defense, LOCKHEED would rehire him. However, LOCKHEED reneged on this deal, and the Union had done nothing to prevent it.

28.     The facts and circumstances of this case are suggestive of collusion and even possibly fraud. DeFRANCIS was terminated for acts which were improperly attributed to him, despite evidence from engineer Ruggles that this was not the case. It is conceivable that these false allegations were intentional due to personal dislike against DeFRANCIS, possibly because of his Union activities. Whatever the reason, DeFRANCIS was the victim of incorrect (and possibly fraudulent) statements by LOCKHEED management, while the Union at best did nothing to defend its member, and at worst, actually collaborated with the employer.

29.     Through their combined collusion and possible fraudulent allegations, LOCKHEED and the Union were able to terminate DeFRANCIS' employment without cause, in violation of the collective bargaining agreement. As a direct and proximate legal result of the Defendants' acts, omissions, or conduct, DeFRANCIS sustained and incurred losses.

WHEREFORE, Plaintiff prays for the following against Defendant, and each of them:

1.      For general damages according to proof.

2.      For special damages according to proof.

3.      For costs and interest in an amount to be proven at trial; and

4.      For such other and further relief as the court may deem just and proper.

DATED: April 12, 2011

BY _____
- 8 - DAVID DeFRANCIS
Plaintiff, In Pro Per

COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE
LABOR MANAGEMENT RELATIONS ACT

C:\Users\US Best Repairs\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\92XXX80I\DeFrancis.doc

021

#2384577   -17

PROOF OF SERVICE - 1013a, 2015.5 C.C.P.

STATE OF CALIFORNIA        ]
                           ]ss.
COUNTY OF LOS ANGELES      ]

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is _____

On April 12, 2011 I served a copy of the foregoing document entitled **COMPLAINT** on the interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 12, 2011, at Los Angeles, California.

_____

- 9 -

**COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT**
C:\Users\US Best Repairs\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\Q7XXX8DD\eFrancis.doc

**EXHIBIT  B**

1 | RICHARD S. ROSENBERG, SBN 077948
2 | JEFFREY P. FUCHSMAN, SBN 105651
  | OMAR Y. SHEHABI, SBN 247827
3 | BALLARD ROSENBERG GOLPER & SAVITT LLP
  | 500 North Brand Boulevard, Twentieth Floor
  | Glendale, CA  91203-9946
4 | Telephone:   (818) 508-3700
  | Facsimile:   (818) 506-4827
5 |
  | Attorneys for Defendant
6 | LOCKHEED MARTIN CORPORATION

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 15 2011

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, NORTH DISTRICT**

| | |
|---|---|
| DAVID DeFRANCIS, an individual, | CASE NO. MC022495 |
| Plaintiff, | **DEFENDANT LOCKHEED MARTIN CORPORATION'S ANSWER TO COMPLAINT** |
| vs. | |
| LOCKHEED MARTIN AERONAUTICS COMPANY; INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS; DOES 1 through 100, inclusive, | Assigned to Hon. Randolph A. Rogers, Dept. A11 |
| | Discovery Cutoff:      None Set |
| Defendants. | Trial Date:              None Set |

///
///
///
///
///
///
///
///
///
///

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

023

411351.1

DEFENDANT'S ANSWER TO COMPLAINT

1    Defendant LOCKHEED MARTIN CORPORATION ("LMC") (erroneously sued as

2   "LOCKHEED MARTIN AERONAUTICS COMPANY") for itself and no other Defendant, responds

3   to the Complaint filed by Plaintiff DAVID DeFRANCIS ("DeFRANCIS" or "Plaintiff") and admits,

4   denies and alleges as follows:

5

6                                 **GENERAL DENIAL**

7        1.      Pursuant to the provisions of Code Civ. Proc. § 431.30, Defendant LMC denies

8   generally and specifically each and every material allegation contained in the Complaint, and further

9   specifically denies that Plaintiff has been injured in any sum therein alleged, or at all.

10                          **FIRST AFFIRMATIVE DEFENSE**

11                              **[Failure to State Facts]**

12       2.      Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action or a

13   claim upon which relief can be granted.

14                          **SECOND AFFIRMATIVE DEFENSE**

15                                   **[Good Faith]**

16       3.      Any recovery on Plaintiff's Complaint is barred because every action taken by

17   Defendant LMC with respect to Plaintiff was undertaken with good cause, in good faith, or with a

18   good faith belief that good cause existed for any of the disputed conduct or actions taken.

19                          **THIRD AFFIRMATIVE DEFENSE**

20                                   **[Estoppel]**

21       4.      Any recovery on Plaintiff's Complaint is barred by the doctrine of estoppel.

22                          **FOURTH AFFIRMATIVE DEFENSE**

23                                    **[Laches]**

24       5.      Any recovery on Plaintiff's Complaint is barred by the doctrine of laches.

25                          **FIFTH AFFIRMATIVE DEFENSE**

26                                **[Unclean Hands]**

27       6.      Any recovery on Plaintiff's Complaint is barred by the doctrine of unclean hands.

28   ///

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

**024**

**SIXTH AFFIRMATIVE DEFENSE**

**[Contributory Fault]**

7.     Any recovery on Plaintiff's Complaint is barred by Plaintiff's own contributory and/or comparative fault.

**SEVENTH AFFIRMATIVE DEFENSE**

**[Apportionment]**

8.     The liability of Defendant LMC and responsible parties named or unnamed, if any, for any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective degree of fault, and the liability if any, of Defendant LMC should be reduced accordingly.

**EIGHTH AFFIRMATIVE DEFENSE**

**[Exhaustion of Grievance and Arbitration Procedures]**

9.     Plaintiff's Complaint is barred by Plaintiff's failure to exhaust prerequisite administrative remedies, including but not limited to, the grievance and arbitration procedures contained in the collective bargaining agreement governing Plaintiff's employment.

**NINTH AFFIRMATIVE DEFENSE**

**[LMRA Preemption]**

10.     To the extent Plaintiff's Complaint purports to assert state law claims, the Complaint is preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

**TENTH AFFIRMATIVE DEFENSE**

**[NLRA Preemption]**

11.     Plaintiff's Complaint is preempted by §§ 7 and 8 of the National Labor Relations Act, 29 U.S.C. §§ 157, 158.

**ELEVENTH AFFIRMATIVE DEFENSE**

**[Conformity with Collective Bargaining Agreement]**

12.     Defendant LMC acted in good faith, and in conformity with the collective bargaining agreement governing Plaintiff's employment.

///

///

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

025

2

DEFENDANT'S ANSWER TO COMPLAINT

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 North Brand Boulevard, Twentieth Floor
Glendale, CA 91203-9946

### TWELFTH AFFIRMATIVE DEFENSE

### [Duty of Fair Representation]

13.     Any recovery on Plaintiff's Complaint is barred because every action taken by Plaintiff's Union with respect to Plaintiff was undertaken reasonably, in good faith, and consistent with Union's duty of fair representation towards Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

### [Consent]

14.     The Complaint is barred because Plaintiff and/or his authorized exclusive bargaining representative consented to Defendant's conduct alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

### [Union at Fault]

15.     The Complaint is barred on the grounds that any damages Plaintiff has allegedly suffered are a result of the conduct of Plaintiff's union, and as such, the union is solely responsible for any resulting damage.

### FIFTEENTH AFFIRMATIVE DEFENSE

### [Statute of Limitations]

16.     Any recovery on Plaintiff's Complaint is barred by the applicable statute of limitations including, without limitation, the six-month statute of limitations of 29 U.S.C. § 160(b).

### SIXTEENTH AFFIRMATIVE DEFENSE

### [Mitigation]

17.     Any recovery on the Complaint is barred by Plaintiff's failure to mitigate damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### [Res Judicata]

18.     Any recovery on the Complaint is barred by the doctrine of res judicata.

/ / /

/ / /

/ / /

/ / /

1

## **PRAYER**

2      WHEREFORE, Defendant LOCKHEED MARTIN CORPORATION prays as follows:

3      1.      Plaintiff take nothing by way of the Complaint;

4      2.      Defendant be awarded reasonable attorney's fees and costs of suit incurred herein; and

5      3.      For such other and further relief as the Court deems just and proper.

6

7   DATED: June 14, 2011                    BALLARD ROSENBERG GOLPER & SAVITT LLP

8

9                                          By:_____
                                               JEFFREY P. FUCHSMAN
10                                         Attorneys for Defendant
                                           LOCKHEED MARTIN CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

411351.1                         4
                    DEFENDANT'S ANSWER TO COMPLAINT

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 500 North Brand Boulevard, Twentieth Floor, Glendale, California 91203-9946.

On June 14, 2011, I served the following document(s) described as **DEFENDANT LOCKHEED MARTIN CORPORATION'S ANSWER TO COMPLAINT** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

### SEE ATTACHED LIST

☒ **BY MAIL:** I am "readily familiar" with Ballard Rosenberg Golper & Savitt's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Glendale, California, on that same day following ordinary business practices.

☐ **BY FACSIMILE:** At or before 5:00 p.m., I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (818) 506-4827. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐ **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from dsalter@brgslaw.com on June 14, 2011, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 14, 2011, at Glendale, California.

Darla Salter

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

028

411351.1

5

DEFENDANT'S ANSWER TO COMPLAINT

1

### SERVICE LIST

2   Mr. David DeFrancis
    39248 Foxhole Drive
3   Palmdale, California 93551
    (661) 810-1910

David A. Rosenfeld, Esq.
Weinberg Roger & Rosenfeld
1001 Marina Village Parkway
Suite 200
Alameda, CA  94501-1091
(510) 337-1001
(510) 337-1023
DRosenfeld@unioncounsel.net

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BALLARD ROSENBERG GOLPER & SAVITT LLP**
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

029

411351.1

6

DEFENDANT'S ANSWER TO COMPLAINT

**EXHIBIT C**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

JUN 1 3 2011

W R & R

RECEIVED

**NOTICE TO DEFENDANT:** LOCKHEED MARTIN AERONAUTICS
*(AVISO AL DEMANDADO):* COMPANY; INTERNATIONAL
ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS; DOES 1 THROUGH 100, INCLUSIVE,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
DAVID DeFRANCIS   an individual

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 12 2011

JOHN A. CLARKE, CLERK

BY _____

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court North District<br>42011 4th Street West<br>Lancaster, CA 93534-7182 | CASE NUMBER:<br>*(Número del Caso):* MC022495 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David DeFrancis
39248 FOXHOLM DR   PALMDALE   CA 93551
661 810 - 1910

DATE: 4 - 12 - 2011   JOHN A. CLARKE   Clerk, by   **D. CAMPBELL**   , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* International Association of Machinist and Aerospace Workers District Lodge 725

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

030

# 2384577    1 of 17

**CONFORMED COPY**
OF ORIGINAL FILED **CM-010**
Los Angeles Superior Court

**APR 1 2 2011**

JOHN A. CLARKE, CLERK

BY _____

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
DAVID DeFRANCIS
39248 Foxholm Drive
Palmdale, CA 93551

TELEPHONE NO: (661) 810-1910    FAX NO.:

ATTORNEY FOR (Name): Plaintiff, In Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 4TH STREET
MAILING ADDRESS: 42011 4TH STREET W.
CITY AND ZIP CODE: LANCASTER CA 93534
BRANCH NAME: MICHAEL D. ANTONOVICH ANTELOPE VALLEY

CASE NAME:
Breach of Contract and Unlawful Termination

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: MC022495 |
|---|---|---|---|---|
| ✓ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter  ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: | |

Items 1–6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✓ Wrongful termination (36)
☐ Other employment (15)

**Contract**
✓ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is  ✓ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary  b. ✓ nonmonetary; declaratory or injunctive relief  c. ✓ punitive
4. Number of causes of action (specify):
5. This case ☐ is  ✓ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 4-12-2011

DAVID DE FRANCIS
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# 2384577   -2

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL  7  ☐ HOURS/ ☒ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

# 2384577  -3

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | A6017  Legal Malpractice<br>A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☒ A6037  Wrongful Termination | 1., 2.,③. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

# 2 3 8 4 5 7 7 - 4

| SHORT TITLE: | | CASE NUMBER | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>Sea Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐  A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐  A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐  A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐  A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐  A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐  A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141   Sister State Judgment | 2., 9. |
| | | ☐  A6160   Abstract of Judgment | 2., 6. |
| | | ☐  A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐  A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐  A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐  A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐  A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐  A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐  A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121   Civil Harassment | 2., 3., 9. |
| | | ☐  A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐  A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐  A6190   Election Contest | 2. |
| | | ☐  A6110   Petition for Change of Name | 2., 7. |
| | | ☐  A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐  A6100   Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

034

Local Rule 2.0
Page 3 of 4

# 2384577 ~ 5

| SHORT TITLE: | | CASE NUMBER | |
|---|---|---|---|

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| | |
|---|---|
| **REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.** | ADDRESS: LOCKHEED MARTIN (93551) 1011 LOCKHEED WAY, PALMDALE CA. IAM LODGE 725 (93550) 39047 10TH STREET E. PALMDALE CA. |
| ☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | |

| CITY: PALMDALN | STATE: CA. | ZIP CODE: 93550 |
|---|---|---|
| PALMDALE | CA | 93550 |

**Item IV. Declaration of Assignment:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the _____ courthouse in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: 4-12-2011

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

035

# 2384577  - 6

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE

Case Number _____ MC022495

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| BRIAN C YEP | A10 | | | | |
| | | | | | |
| RANDOLPH A ROGERS | A11 | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____  APR 1 2 2011   JOHN A. CLARKE, Executive Officer/Clerk

By  D CAMPBELL  _____, Deputy Clerk

LACIV _____ 190 (Rev. 04/07)
LASC Approved 05-06

**NOTICE OF CASE ASSIGNMENT –
UNLIMITED CIVIL CASE**

036

Page 1 of 2

# 2384577     -9

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 12 2011

JOHN A. CLARKE, CLERK

BY _____

1  DAVID DeFRANCIS
2  39248 Foxhole Drive
   Palmdale, CA 93551
3  (661) 810-1910

4  Plaintiff, In Pro Per

5

6                SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                        COUNTY OF LOS ANGELES

8

9  DAVID DeFRANCIS, an individual          CASE NO:   MC022495

10        Plaintiff,                        **COMPLAINT FOR BREACH OF**
                                            **CONTRACT AND WRONGFUL**
11     vs.                                  **TERMINATION UNDER THE**
                                            **PROVISIONS OF SECTION 301 OF THE**
12                                          **LABOR MANAGEMENT RELATIONS**
13  LOCKHEED MARTIN AERONAUTICS             **ACT**
    COMPANY;  INTERNATIONAL
14  ASSOCIATION OF MACHINISTS AND
    AEROSPACE WORKERS;
15  DOES 1 through 100, inclusive,

16        Defendants.

17

18  PLAINTIFF, DAVID DeFRANCIS, alleges as follows:

19                        JURISDICTIONAL ALLEGATIONS

20      1.     At all relevant times herein mentioned the Plaintiff, DAVID DeFRANCIS

21  (hereinafter "DeFRANCIS"), was and is an individual residing in the County of Los Angeles,

22  State of California.

23      2.     Defendant LOCKHEED MARTIN (hereinafter "LOCKHEED"), was and is the

24  owner, operator and manager of the LOCKHEED MARTIN AERONAUTICS COMPANY

25  facility in Palmdale, California, and was at all times mentioned herein a Corporation doing

26  business in the State of California, and as such is subject to the jurisdiction and venue of the courts

27  in the County of Los Angeles.

28      3.     Defendant, INTERNATIONAL ASSOCIATION OF MACHINISTS AND

- 1 -

AEROSPACE WORKERS, DISTRICT LODGE 725 (hereinafter "the Union"), was the collective

037

# 2389577      -10

1  bargaining entity responsible for the duty of fair representation in regard to the handling of the

2  grievance/arbitration procedures for LOCKHEED employees.  At all times relevant to this action,

3  DeFRANCIS was an employee of LOCKHEED and a member of the Union.

4      4.      The true names of Defendants DOES 1 through 100, inclusive, are unknown to

5  Plaintiff at this time.  Plaintiff sues those Defendants by such fictitious names pursuant to *Code of*

6  *Civil Procedure §474*.  Plaintiff will seek leave of Court to amend this Complaint to identify said

7  Defendants when their identities are ascertained.  Plaintiff is informed and believes, and on that

8  basis alleges, that each of the fictitiously named Defendants was in some fashion or manner liable

9  and legally responsible for the damages and injuries set forth herein.

10  ////

11                          <u>GENERAL ALLEGATIONS</u>

12      5.      DeFRANCIS was initially suspended for 3 to 5 days in January 2008 for allegedly

13  improperly etching aircraft parts even though DeFRANCIS explained to his manager BILLY

14  HUGHGINS that the etching problem was caused by the vendor's excessive spray on the parts.

15  On May 9, 2008 De FRANCIS was terminated for the supposed actions stated above.

16

17      6.      Two days prior to his termination, DeFRANCIS resigned from his position as a

18  Union Steward, fearing his activities played into the intensifications of this situation.  DeFRAN-

19  CIS was told by two fellow employees--Anna (last name unknown) and another woman--as well

20  as his supervisor, BILL WADE, that the employer was trying to fabricate reasons to blame him for

21  a  scrapped radone (major assembly nose of F-22) part that he did not have anything to do with.

22      7.      DeFRANCIS read an email to WADE, as well as a group of other people, from

23  JOE RUGGLES, the engineer, that through inspections he made, he identified the imperfections

24  on the aircraft parts as being the result of the vendor. He clearly stated that the problem was not

25  with DeFRANCIS' work performance, but instead was a result of the vendors turning in the parts.

26

27  DeFRANCIS asked HUGHGINS upon his termination notification if he had read the e-mail and

28

**COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE
LABOR MANAGEMENT RELATIONS ACT**

# 2389577   -11

1   his response was that he didn't care.  DeFRANCIS asked Bill Wade for a copy of the e-mail and

2   was denied. During his termination notification, he was never formally given written notice.

3        8.      DeFRANCIS explained all of this to MIKE PALAZZO, union representative, i.e.,

4   that he feared for his job and desired to resign as Steward as a result of his fears.  PALAZZO

5   assured DeFRANCIS that his fears were unwarranted and that this was not true, and furthermore,

6   he had nothing to worry about; regardless, DeFRANCIS proceeded to resign his position.

7   

8   Through the entire process from termination through two arbitrations, Mike Palazzo either did

9   everything he could to block any attempts to fight this case or did as little as possible to represent

10  DeFRANCIS.

11       9.      When DeFRANCIS went to the Union to inform Mike Palazzo of his termination

12  on May 9, 2008, he stated that he had already been told two days prior by DAVE DILGER,

13  LOCKHEED's Labor Relations Officer, that DeFRANCIS was going to be fired by LOCKHEED.

14  Mike Palazzo withheld this information from DeFRANCIS rather than provide representation

15  while he was being formally terminated by HUGHGINS.

16  

17       10.     At some time later, DeFRANCIS spoke to his neighbor Aaron Procovenet while

18  taking a walk in their neighborhood.  Per Mr. Procovenet. HUGHGINS had told him that

19  DeFRANCIS was fired for his arrogance.  DeFRANCIS assumed this referred to his heavy

20  involvement with the Union and his activities on LOCKHEED's premises of which they never

21  appeared to object to.

22       11.     Mike Palazzo informed DeFRANCIS on or about October-November 2008 that the

23  employer had provided the Union an offer to reinstate me with $10,000 in back pay; DeFRANCIS

24  was extremely satisfied with this agreement but that wanted to know what he had done wrong so

25  not to repeat the same infraction. From this point on, he heard nothing from Mike Palazzo until

26  mid-December when DeFRANCIS contacted him to find out the status of the employer's offer. He

27  

28  informed DeFRANCIS that the company was no longer responding or acting on this offer.   039

# 2389577      -12

1    Palazzo's only response regarding the pulling back on the offer was that this is pretty common,

2    "with the employer saying something and then go back on what they had said."

3         12.    Mike Palazzo informed DeFRANCIS on May 9, 2009 that LOCKEED was

4    refusing to go to arbitration regarding his case after all grievance procedures were spent, on the

5    grounds that the Union had failed to file a request in a timely basis, claiming they did not receive

6    the request from the Union. Mike Palazzo claimed he couldn't find the fax receipt showing the

7    Union had sent the request to the company. Coincidentally months later and through sheer

8    persistence of DeFRANCIS constantly making contact with the Union, he was informed that in the

9    middle of the night, Bob Gutteres found a fax receipt showing the fax was indeed sent to the

10   company.  Apparently. Palazzo had been sitting on the receipt the entire time.

11        13.    On February 17, 2010, the arbitration case surrounding the timeliness of filing for

12

13   arbitration over the grievance went forward.  The Union won the right to pursue the grievance of

14   terminating DeFRANCIS via another arbitration case.

15        14.    In May 2010, DeFRANCIS contacted the Union to discuss the status of whether or

16   not the Union and the employer had agreed to a date for arbitration.  Mike Palazzo informed the

17   dates were set for 28th and 29th of July.  DeFRANCIS told Mike that they should get together to go

18   over the case before the arbitration hearing. He agreed to this and asked who DeFRANCIS wanted

19   present as witnesses, as well as what evidence he thought was needed. DeFRANCIS stated that he

20   wanted Joe Ruggles the engineer, the lead man Aaron Procovenet and supervisor Bill Wade. He

21   explained to Palazzo their importance in being present simply because they were the key to his

22   exoneration as to the poor workmanship. DeFRANCIS requested copies of the e-mail from Joe

23   Ruggles indicating the vendor's culpability of the damaged aircraft parts. Aaron Procovenet was

24   the lead man on the operation of the laser machine and knew that several parts were damaged and

25   that it was not DeFRANCIS' fault for damaging the parts but rather the fault of the vendor. He

26   stated that we would get together two weeks before the case to go over everything. Also,

27

28

040

# 2384577      -13

1  DeFRANCIS stressed to Mike Palazzo the importance of getting a copy of his hours worked,

2  showing the different shift change assignments. This would have shown whether or not

3  DeFRANCIS was at work during the times of the alleged infractions. Finally, it would show that

4  he was in training during the entire time.

5      15.  Over the next several months right on through the day of the arbitration hearing,

6  throughout the months of May and June 2010, DeFRANCIS regularly made contact with Mike

7  Palazzo, requesting to meet and discuss the case and statements from the witnesses and how

8  everything was proceeding. Palazzo continually said that everything was fine but there was no

9  indication on whether or not he formally requested the information DeFRANCIS had asked for or

10  did he even indicate whether or not he had met with the witnesses.

11      16.  In July 2010, DeFRANCIS again contacted Palazzo as he had done so often before,

12  to meet with him and the lawyer who would be representing him. He responded by saying that

13  they would meet three days prior to arbitration, stating that he would have everything by then and

14  that DeFRANCIS could speak to the lawyer at that time. One week before arbitration he called

15  Palazzo requesting to meet over the procedures of the arbitration. He responded by saying, "we

16  would not have to meet until the morning of the hearing and that he had everything under control

17  and not to worry."

18      17.  On 28 July 2010, DeFRANCIS finally met with Mike Palazzo and the lawyer at the

19  union hall.  He asked Palazzo to go over the data and detail who was going to be present as

20  witnesses. His only response was that the data was not needed and that witnesses won't be

21  required. DeFRANCIS met the lawyer Jacob White, who was not even aware of the case and was

22  reviewing the previous arbitration case involving the timeliness for filing, which had nothing to do

23  with the case at hand. When DeFRANCIS asked the lawyer for his business card, he abruptly

24  refused by stating "no." When DeFRANCIS asked him how he was going to represent him

25  

26  

27  

28

2384577          - 14

1    without knowing anything about the case, he got up and walked out of the room while talking on

2    his cell phone.

3        18.      During lunch on the day of the hearing, DeFRANCIS called Joe Ruggles directly

4    so that he could get him and Jacob White to speak to each other. Joe was willing to speak to both

5    Palazzo and White but neither would speak to him. Their reason for not speaking to Ruggles was

6    that they would not put any witness on the stand if they didn't know what the witness would say.

7    Mike Palazzo and Jacob White were not willing to speak to any of the witnesses. When he insisted

8    that Palazzo and White show what they were going to use in my defense, they both flatly told him

'9   to "shut-up." The arbitration went forward and DeFRANCIS was the only witness on behalf of his

10   own case with no counseling before the hearing. The case through written agreement was

11   supposed to be heard over two days but instead at the last moment during arbitration, was heard

12   during only one day by mutual agreement between LOCKHEED and the Union.

13       19.      From the very beginning of going to arbitration over the timeliness of requesting

14   arbitration initially, it appeared that the union, more specifically Mike Palazzo, was not pursuing

15   the truth of the reasons for DeFRANCIS' termination nor was he willing to follow-up on the case

16   while going forward on his behalf.   DeFRANCIS was told by the Union on or about October 12,

17   2010, that he had lost his arbitration.

18       20.      Several weeks later, DeFRANCIS went back to the union hall to pick up a copy of

19   the arbitration hearing.  After a heated discussion with Palazzo over his lack of representation in

20   the case, Bob Gutteres picked-up the copies and handed them to DeFRANCIS as he walked him

21   out. He also apologized to DeFRANCIS for all that transpired and told him that Mike Palazzo was

22   angry with the Labor Relations Officer David Dilger over an agreement they had with each other

23   and that David Dilger reneged on the agreement.

24       21.      Gary Holt, Mike Palazzo's Union superior did not appear at the second arbitration

25   hearing as he did for the first. When DeFRANCIS asked Mike Palazzo where he was, Palazzo

042

2 3 8 4 5 7 7          -15

1  responded that Holt was at home inspecting his home improvement work by the contractors. Also,

2  when DeFRANCIS asked Palazzo why he didn't secure one of the partners of the law firm since

3  he was told initially that this would be the case, he responded that Gary Holt didn't want to pay for

4  the plane ticket from San Francisco to the location of the hearing. Rather, the Union paid for a

5  local lawyer, Jacob White.

6         22.    At the conclusion of the arbitration hearing, Mr. Solomon the arbitrator, ap-

7  proached DeFRANCIS in a sympathetic gesture and wished him luck. Mr. Solomon specifically

8  noted in his written decision that the union failed to provide corroborating witnesses and

9  documentation in support of the defense.

10                              **FIRST CAUSE OF ACTION**

11                                   For Breach of Contract

12                                   (Against All Defendants)

13        23.    Plaintiff refers to and incorporates all previous paragraphs as though fully set forth

14  herein.

15        24.    Section 301 of the Labor Management Relations Act allows for both an employer

16  and a Union to be liable when the Union breaches its duty of fair representation arising from the

17  Union's handling of its employee-member's grievance an/or arbitration.  While a Union is granted

18  a wide range of reasonableness within which to act, it may not arbitrarily ignore a meritorious

19  grievance.

20        25.    In the instant case, the Union was not merely negligent—it completely and

21  arbitrarily failed to present any meaningful defense on behalf of DeFRANCIS.  This is especially

22  egregious in that DeFRANCIS was terminated ostensibly for performance issues, but had solid

23  factual evidence that said issues were not, in fact, attributable to him, but rather to outside vendors.

24  The Union's actions (or inactions) tainted the grievance procedure such that the outcome was

25  more than likely affected by the Union's breach.

- 7 -

043

**COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE LABOR MANAGEMENT RELATIONS ACT**

# 2384577          -16

26.    DeFRANCIS had requested that the Union perform its duty of fair representation by interviewing witnesses and seeking documentary evidence. The Union and its attorneys failed to do so with no explanation, instead simply telling him to "shut up."

27.    In addition to willfully and arbitrarily failing to provide DeFRANCIS with a defense, it appears that LOCKHEED and the Union actually colluded to breach their employment agreement with DeFRANCIS.  Specifically, they apparently had a "back room deal" with each other that if the Union did not mount a defense, LOCKHEED would rehire him.  However, LOCKHEED reneged on this deal, and the Union had done nothing to prevent it.

28.    The facts and circumstances of this case are suggestive of collusion and even possibly fraud. DeFRANCIS was terminated for acts which were improperly attributed to him, despite evidence from engineer Ruggles that this was not the case.  It is conceivable that these false allegations were intentional due to personal dislike against DeFRANCIS, possibly because of his Union activities. Whatever the reason, DeFRANCIS was the victim of incorrect (and possibly fraudulent) statements by LOCKHEED management, while the Union at best did nothing to defend its member, and at worst, actually collaborated with the employer.

29.    Through their combined collusion and possible fraudulent allegations, LOCKHEED and the Union were able to terminate DeFRANCIS' employment without cause, in violation of the collective bargaining agreement.  As a direct and proximate legal result of the Defendants' acts, omissions, or conduct, DeFRANCIS sustained and incurred losses.


WHEREFORE, Plaintiff prays for the following against Defendant, and each of them:

1.    For general damages according to proof.

2.    For special damages according to proof.

3.    For costs and interest in an amount to be proven at trial; and

4.    For such other and further relief as the court may deem just and proper.

DATED:  April 12, 2011

BY  _____
    - 8 - DAVID DeFRANCIS
        Plaintiff, In Pro Per                                    044

#2389577    -17

1    PROOF OF SERVICE - 1013a, 2015.5 C.C.P.

2    **STATE OF CALIFORNIA**        ]
                                     ]ss.
3    **COUNTY OF LOS ANGELES**      ]

4        I am employed in the County of Los Angeles, State of California. I am over the age of 18 and

5    not a party to the within action; my business address is _____

6        On April 12, 2011 I served a copy of the foregoing document entitled **COMPLAINT** on the

7    interested parties by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

8

9

10

11

12

13

14       I caused such envelope with postage thereon fully prepaid to be placed in the United States

15   mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and

16   processing correspondence for mailing. Under that practice it would be deposited with U.S. postal

17   service on that same day with postage thereon fully prepaid at Los Angeles, California, in the

18   ordinary course of business. I am aware that on motion of the party served, service is presumed

19   invalid if postal cancellation date or postage meter date is more than one day after date of deposit for

20   mailing in affidavit.

21       I declare under penalty of perjury under the laws of the State of California that the above is

22   true and correct.

23       Executed on April 12, 2011, at Los Angeles, California.

24                                              _____

25

26

27

28
                                    -9-                          045

**COMPLAINT FOR BREACH OF CONTRACT UNDER THE PROVISIONS OF SECTION 301 OF THE
LABOR MANAGEMENT RELATIONS ACT**

2384577 - 7

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

APR 12 2011

JOHN A. CLARKE, CLERK

BY _____

COURTHOUSE ADDRESS:  42011 4TH ST W, LANCASTER, CA 93534

PLAINTIFF:

DEFENDANT:

| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER: MC022495 |
|---|---|

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: OCT 24 2011  Time: 8:30 A.M.  Dept: A11

NOTICE TO DEFENDANT:  THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _____ APR 12 2011 _____

_____
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☐ by depositing in the United States mail at the courthouse in LANCASTER , California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☑ by personally giving the party notice upon filing of the complaint.

JOHN A. CLARKE, Executive/Officer Clerk

Dated: _____ APR 12 2011 _____

By  D. CAMPBELL
_____
Deputy Clerk

LACIV 132 (Rev. 09/07)
LASC Approved 10-03

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Seven

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 500 North Brand Boulevard, Twentieth Floor, Glendale, California 91203-9946.

On June 24, 2011, I served the following document(s) described as **NOTICE OF REMOVAL; MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

Mr. David DeFrancis
39248 Foxhole Drive
Palmdale, California 93551
(661) 810-1910

David A. Rosenfeld, Esq.
Weinberg Roger & Rosenfeld
1001 Marina Village Parkway
Suite 200
Alameda, CA 94501-1091
(510) 337-1001
(510) 337-1023
DRosenfeld@unioncounsel.net

☒ **BY MAIL:** I am "readily familiar" with Ballard Rosenberg Golper & Savitt's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Glendale, California, on that same day following ordinary business practices.

☐ **BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from dsalter@brgslaw.com on June 24, 2011, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☐ **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) being served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 24, 2011, at Glendale, California.

_Darla Salter_
Darla Salter

BALLARD ROSENBERG GOLPER & SAVITT LLP
500 NORTH BRAND BOULEVARD, TWENTIETH FLOOR
GLENDALE, CA 91203-9946

409820.1

048

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George H. Wu and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

## CV11- 5310 GW (VBKx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DAVID DeFRANCIS, an individual

**DEFENDANTS**
LOCKHEED MARTIN AERONAUTICS COMPANY;
INTERNATIONAL ASSOCIATION OF MACHINISTS AND
AEROSPACE WORKERS; DOES 1 through 100, inclusive

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David DeFrancis, in pro per
39248 Foxhole Drive
Palmdale, California 93551
(661) 810-1910

Attorneys (If Known)
Richard S. Rosenberg - SBN 077948; Jeffrey P. Fuchsman - SBN
105651; Omar Y. Shehabi - SBN 247827
Ballard Rosenberg Golper & Savitt LLP
500 North Brand Boulevard, 20th Floor
Glendale, California 91203
(818) 508-3700

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff ☒ 3 Federal Question (U.S. Government Not a Party

☐ 2 U.S. Government Defendant ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding ☒ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of a collective bargaining agreement and duty of fair representation under 29 U.S.C. § 185.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☒ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities – Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | | ☐ 220 Foreclosure | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | | ☐ 230 Rent Lease & Ejectment | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | | ☐ 240 Torts to Land | IMMIGRATION | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | | ☐ 245 Tort Product Liability | ☐ 462 Naturalization Application | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | | ☐ 290 All Other Real Property | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | | | ☐ 465 Other Immigration Actions | | |

LACV11-5310

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☒ Yes
If yes, list case number(s): CV 11-03451 GW (MANx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| David DeFrancis - Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| IAM - Los Angeles County | Lockheed Martin Corporation - Maryland |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** Jeffrey P. Fuchsman    Date June 23, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (05/08)    CIVIL COVER SHEET    Page 2 of 2

American LegalNet, Inc.
www.FormsWorkflow.com